NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698
    Facsimile: (213) 894-3713
    E-mail:    jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN SARO BALIAN,<br><br>    Defendant. | No. 18 MJ01199<br><br>GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING ARREST WARRANT, COMPLAINT AND SUPPORTING AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JEFF MITCHELL<br><br>(UNDER SEAL) |

The government hereby applies <u>ex parte</u> for an order directing that the complaint, supporting affidavit, and arrest warrant, in the above-titled case, together with this <u>ex parte</u> application, the memorandum of points and authorities, the declaration of Jeff Mitchell, and this court's sealing order, be kept under seal until the arrest of defendant.

//
//
//
//

This <u>ex parte</u> application is based upon the attached declaration of Jeff Mitchell.

Dated: May 14, 2018

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

*/s/*

JEFF MITCHELL
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government requests that this court seal the arrest warrant, complaint, and supporting affidavit in this case in order to maintain the integrity of this investigation. Approval from this court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. In re Sealed Affidavit (Agosto), 600 F.2d 1256 (9th Cir. 1979) (per curiam); see also Offices of Lakeside Non-Ferrous Metals, Inc., 679 F.2d 778 (9th Cir. 1982) (citing Agosto).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g). In re EyeCare Physicians of America, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's

investigation. The government accordingly requests that the documents described in the attached declaration be maintained under seal until the arrest of defendant.

**DECLARATION OF JEFF MITCHELL**

I, Jeff Mitchell, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am the attorney representing the government in this case.

2. The government requests leave to file the arrest warrant, complaint, and supporting affidavit in this case under seal.

3. Balian has not been taken into custody on the charge contained in the complaint affidavit and has not been informed that he is being named as a defendant in the complaint. The likelihood of apprehending Balian might be jeopardized if the affidavit in this case was made publicly available before defendant is taken into custody on the complaint.

4. The government is attempting to locate Balian but his current whereabouts are unknown.

5. Accordingly, the government requests that the complaint, arrest warrant, and affidavit in support of the complaint in the above-titled case, together with this ex parte application, the memorandum of points and authorities, the declaration of Jeff Mitchell, and this court's sealing order, be kept under seal until the arrest of defendant.

6. Should the Court deny this application, the government requests that the arrest warrant, complaint, and supporting affidavit in this case and this application not be filed, but be returned to the government, without filing of the documents or reflection of the name or nature of the documents on the clerk's public docket.

3

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 14, 2018.

                                                JEFF MITCHELL