Craig H. Missakian (SBN 125202)
LAW OFFICES OF CRAIG MISSAKIAN
116 Club Road
Pasadena, CA 91105
Telephone: (818) 802-9811
Email: craig@cmlawpartners.com

Attorney for Defendant
John Saro Balian

FILED
CLERK, U.S. DISTRICT COURT
July 19, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: VRV DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>John Saro Balian,<br><br>        Defendant. | Case No. CR 18-345-JFW<br><br>DEFENDANT JOHN SARO BALIAN'S POSITION ON THE LOS ANGELES TIMES REQUEST FOR CLARIFICATION OF THE COURT'S JULY 17, 2018 ORDER |

    Defendant John Saro Balian respectfully submits his position with regard to the Los Angeles Time Communications LLC ("the Times") request for clarification of the Court's July 17, 2018 order and his opposition to the Times request that "all pleadings concerning this matter be made available immediately to the public[.]"

- 1 -

Discussion

Not content with endangering the lives of defendant and his family by disclosing an under seal plea agreement, the Times and its counsel now want to make **all** sealed documents in the case public. The head-scratching request comes just hours after the Court's request that the Times use the plea agreement responsibly—a request that clearly fell on deaf ears. Notwithstanding the Times' mis-reading of the clerk's one-sentence minute order, the defense heard nothing in what the Court said during the July 17, 2018 hearing to suggest it intended to vacate any of the sealing orders in this case and place even more sensitive information into the public domain.

The Times and its lawyers succeeded in exploiting a clerk's error to obtain the under seal plea agreement. It then ensured the information would spread across the Internet by leaving the article online for approximately five hours—contrary to the Court's order to take down it down immediately. While that damage cannot be undone, the Court can prevent the Times from making the situation worse. The documents at issue were sealed for compelling reasons after careful consideration by the Court because they include sensitive information that, for obvious reasons, should not be disclosed publicly in this case or any other.

The trio of cases on which the Times relies do not alter that conclusion and, in fact, are easily distinguished. In *Associated Press v. District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983), the court of appeals vacated a district court's **blanket**

*order* sealing *all* documents filed in the case after a certain date *regardless of content*. See *id.* at 1146 ("There has been . . . no such showing . . . sufficient to justify the blanket orders sealing (though for a limited period) all documents filed.") For obvious reasons, hat decision has no application here where the Court did not issue a blanket sealing order but rather sealed specific documents containing obviously sensitive information—a fact that the Times cannot dispute.

Likewise, *Courthouse News Serv. v. Planet*, 750 F.3d 776, 787 (9th Cir. 2014) and *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1297 (9th Cir. 1986) have no application here. First, the *Courthouse News* did not involve sealed documents, let alone documents sealed in a criminal case. Rather, the issue there was the media's right to timely access to *publicly* filed documents—an issue not involved here. Similarly, in *Valley Broadcasting*, the issue was whether the media had "the right to copy audio and videotape exhibits as they are received in evidence during a criminal trial." *Id.* at 1290. Again, it was an issue of timely access to *public* information with no mention of sealed documents.

Whether to preserve a defendant's right to a fair trial under the Sixth Amendment, his Due Process rights under the Fifth Amendment, or for other compelling reasons, the Court's authority to place restrictions on media access to information is well established. *See Nixon v. Warner Communications, Inc*. 435 U.S. 589, 598 (1978) ("right to inspect and copy judicial records is not absolute [and] [e]very court has supervisory power over its own records and files, and access

has been denied where court files might have become a vehicle for improper purposes") The specific sealing orders in this case fell well within that braod discretion. It would be perverse to allow a clerical error combined with the Times' own conduct to result in a loss of defendant's constitutional protections. Accordingly, defendant respectfully asks that the Court deny the Times request to unseal all of the documents in this case and clarify the July 17, 2018 order to make it clear that all sealing orders remain in full force.

Finally, defendant learned this morning that his brief filed in the Ninth Circuit was available to the public, although it was clearly marked "under seal." Counsel's statement about the contents of that filing appear to violate the Court's sealing orders here. Whereas the Ninth Circuit filing may be available to the public the sealed documents at issue here are not. As such, counsel's statement this morning in a publicly filed document that "[d]efendant's Ninth Circuit Opposition contains statements and arguments *that track those made by Defendant to this Court in his ex parte application and his Brief In Support of OSC Re Preliminary Injunction*" is the equivalent of disclosing the contents of those sealed documents. Doing so was improper and should not impact the decision here today.

Dated: July 14, 2018                    Respectfully submitted,

                                        /s/Craig Missakian
                                        _____
                                        Craig H. Missakian
                                        Attorney for Defendant
                                        John Saro Balian