NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698
     Facsimile: (213) 894-3713
     E-mail:    jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
July 19, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VRV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-345-JFW |
| Plaintiff, | GOVERNMENT'S POSITION RE: REQUEST FOR CLARIFICATION OF JULY 17 RULING AS IT RELATES TO SEALING OF DOCUMENTS |
| v. | |
| JOHN SARO BALIAN, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jeff Mitchell, hereby files its position related to Request for Clarification of July 17 Ruling as it relates to Sealing of Documents.

//

//

//

This position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 19, 2018              Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                        */s/ Jeff Mitchell*
                                  JEFF MITCHELL
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND BACKGROUND**

On July 9, 2018, the government filed a document related to this matter and requested that it be sealed.  The Court ordered the document be filed under seal (dkt. no. 33), and it appeared on Pacer as a "sealed document" (dkt. no. 36), but due to a clerical error the document could be downloaded if an individual with a Pacer account clicked on the link for the "sealed document."

On or about July 13, 2018, a reporter from the Los Angeles Times newspaper ("LA Times") clicked on the "sealed document," read it, downloaded it, and then wrote a story about defendant.  In her story, the reporter devoted only a single sentence to the sensitive topic discussed in the under-seal document.[1]  That single sentence, however, placed the lives of defendant and his family at risk.

The following morning, defendant applied for a temporary restraining order precluding the LA Times from publishing material from the under-seal document.  (Dkt. No. 41.)  Defendant requested that his application be filed under seal.  (Dkt. No. 38.)  That same morning, the Court granted the application, and ordered the defendant and the LA Times to file their position papers under seal.  (Request for Clarification at 2.)

On July 16, 2018, the LA Times filed an opposition to the temporary restraining order under seal.  Defendant filed his reply

---

[1] The LA Times has repeatedly misstated the central concern by the parties in this matter.  The LA Times appears to suggest that the fact that defendant entered into a plea agreement is the sensitive issue.  The LA Times is mistaken.  Virtually all defendants in this district enter into plea agreements.  The sensitive issue here relates to certain confidential paragraphs within the under-seal document (dkt. no. 36).

1 under seal.[2] The government filed a brief indicating that it had no
2 position (dkt no. 44), but separately filed an ex parte application
3 to file its no-position brief under seal because it identified
4 organizations, individuals, and a location that were sensitive in
5 nature and not appropriate for public disclosure.[3]
6     On July 17, 2018, the Court held a hearing on this matter. The
7 Court noted that the under-seal document (dkt. no. 36) was made
8 available on Pacer due to a clerical error. After a thorough
9 discussion of the background of the matter, the Court's investigation
10 into the accidental disclosure, and the Court's concern for the
11 safety of defendant and his family, the Court agreed to vacate its
12 temporary restraining order and denied defendant's request for a
13 permanent injunction. (Dkt. No. 45.) Minutes after the hearing
14 concluded, the LA Times republished the article in its entirety.
15     On July 18, 2018, the LA Times filed a request for clarification
16 of the Court's July 17th ruling as it related to the sealing of
17 documents ("Request for Clarification"), and requested that "all
18 pleadings" by the parties be unsealed. (Request for Clarification at
19 2 n.2, 3.) The LA Times fails to specifically identify which
20 documents it seeks to unseal, and it is unclear if the LA Times seeks
21 to unseal the original under-seal document (dkt. no. 36) and the
22 government's ex parte application to seal (dkt no. 33). The
23 government hereby opposes the request.

---

[2] The document does not yet appear on Pacer but the government received a courtesy copy at 9:02pm on July 16, 2018.

[3] The Government's ex parte application does not yet appear on Pacer but was emailed to chambers, pursuant to the Court's order, at 5:36pm.

2

## II. GOVERNMENT'S POSITION

A "district court has the inherent power to seal documents." United States v. Shryock, 342 F.3d 948, 983 (9th Cir. 2003). In Shyrock, the defendants attempted to argue they had a constitutional right to access sealed documents, but the Ninth Circuit found that they were "clearly" only making an argument that the district court had abused its discretion in refusing to unseal documents. Id. at 983 ("Although Appellants creatively argue for a constitutional right of access, they are clearly challenging the district court's discovery rulings regarding sealed and in camera documents."); see also United States v. Graf, 610 F.3d 1148, 1168 (9th Cir. 2010) (same). The same is true here. As in Shryock, this case involves the Court's inherent power to seal documents in the exercise of its discretion, and there is nothing to indicate that the Court has abused that discretion. 342 F.3d at 983; see also United States v. Mann, 829 F.2d 849, 853 (9th Cir. 1987) (court did not abuse its discretion in sealing documents to protect informant and to keep ongoing investigations confidential). Like in Mann, and as discussed infra, there are compelling reason for the pleadings to remain sealed.

Assuming arguendo that the LA Times has a First Amendment right to unseal "all pleadings" of the parties, closure remains appropriate in this case. Where such a right exists, the burden is on the proponent of closure -- here the government and defendant -- to justify a closure order. Oregonian Pub. Co v. U.S. Dist. Court for Dist. Of Oregon, 920 F.2d 1462, 1467 (9th Cir. 1990).

As the Ninth Circuit has explained:

1
2
3
4
5

>   The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.

6
7

Id. at 1466 (citing Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986).

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, without revealing the specific contents of any sealed documents, the government submits that there are clear, compelling interests that would be harmed if the pleadings were unsealed and made available to the public.  For example, in paragraphs 2(a) and 2(b) of the government's ex parte application to seal its no-position, and generally in the no-position brief itself, the government describes specific actions, organizations, individuals, and a location that are sensitive in nature and not appropriate for public disclosure.  None of these specific actions related to the organizations, individuals, or locations were described in the LA Times article or even in the original under-seal document (dkt. no. 36) that the reporter downloaded.  As the government described in its ex parte application, public disclosure at this time would frustrate government interests.  Indeed, the government requested that if the Court were to deny the request to seal its pleadings that the documents not be filed, but returned to the government.  The government re-iterates that request now.  Alternatively, if the Court intends to unseal "all pleadings" by the parties, the government requests that the Court redact the sensitive and confidential portions.  See United States v. Kaczynski, 154 F.3d 930, 931-32 (9th

1 Cir. 1998)(redacting sensitive portions of document before
2 unsealing).
3     Moreover, if the LA Times wishes to assert a common law claim,
4 the "press [bears] a threshold burden of showing that a compelling
5 interest would be served by disclosure." Oregonian, 920 F.2d at
6 1467. This showing of need must be personal to the moving party.
7 See United States v. Schlette, 842 F.2d 1574, 1581-84, amended, 854
8 F.2d 359 (9th Cir. 1988) (9th Cir. 1988) (separately analyzing
9 showings of compelling need by private party and media). "Once that
10 showing has been made, the court must balance the [movant's] asserted
11 need against any asserted reasons for confidentiality." Kaczynski,
12 154 F.3d at 931. Here, the LA Times does not even attempt to
13 demonstrate a compelling need for the unsealing of any of the
14 pleadings. Accordingly, they have failed to meet their burden and
15 have not demonstrated a common law right to access.
16     But even if the LA Times attempted to meet their burden by
17 describing a particular need to unseal all pleadings from all
18 parties, which they did not, the LA Times would fail. The temporary
19 restraining order has been vacated, and the LA Times has republished
20 the article in its entirety. There is no additional value to be had
21 by unsealing all pleadings from all parties.

22 **III. CONCLUSION**
23     Based on the foregoing, the government respectfully requests
24 that the Court deny the LA Times' request.

25
26
27
28