DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
BRENDAN N. CHARNEY (State Bar No. 293378)
  brendancharney@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

LOS ANGELES TIMES COMMUNICATIONS LLC
JEFF GLASSER (State Bar No. 252596)
202 West First Street
Los Angeles, California 90012
Telephone: (213) 237-3760
Fax: (213) 237-3810

Attorneys for Non-Party Press Organization
LOS ANGELES TIMES COMMUNICATIONS LLC

FILED
CLERK, U.S. DISTRICT COURT
JUL 19 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>JOHN SARO BALIAN,<br><br>        Defendant. | Case No. CR 18-345-JFW<br><br>SUPPLEMENTAL NOTICE IN SUPPORT OF REQUEST FOR CLARIFICATION CONCERNING PUBLIC FILING OF DEFENDANT JOHN SARO BALIAN'S OPPOSITION TO EMERGENCY MOTION FOR STAY UNDER CIRCUIT RULE 27-3; DECLARATION OF KELLI L. SAGER IN SUPPORT AND EXS. A-B |

Los Angeles Times Communications LLC ("The Times") respectfully submits this Supplemental Notice in further support of its Request for Clarification that the briefs at issue are not subject to sealing. The Court should be aware that Defendant John Saro Balian's Opposition To Emergency Motion For Stay Under Circuit Rule

SUPPLEMENTAL NOTICE
4853-0455-1533v.3 0026175-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

27-3 was publicly filed on the Ninth Circuit's PACER docket and remains publicly available on the Internet. In particular, the Opposition brief is available, at least, on Twitter, where the contents of the brief have been the subject of public discussion. See Declaration of Kelli L. Sager ("Sager Decl."), ¶ 2, Ex. A.

Defendant's Ninth Circuit Opposition contains statements and arguments that track those made by Defendant to this Court in his ex parte application and his Brief In Support of OSC Re Preliminary Injunction. Thus, the information that Defendant seeks to keep sealed has already been released publicly by Defendant's own counsel.[1]

In light of this now-public statement from Defendant's own counsel, nothing can be gained from continuing to seal the ex parte application and briefs filed in connection with the now-vacated Temporary Restraining Order against The Times. Sealing never can be justified when the "genie is out of the bottle." In re Charlotte Observer, 882 F.2d 850, 854-855 (4th Cir. 1989) ("[o]nce announced to the world, the information lost its secret characteristic, an aspect that could not be restored by the issuance of an injunction."); see also Hurvitz v. Hoefflin, 84 Cal. App. 4th 1232, 1234, 1247 (2000) (vacating order that limited dissemination of records that had been in a public court file for one day, reasoning that "once the information is released, unlike a physical object, it cannot be recaptured and sealed."); California ex re. Lockyer v. Safeway, 355 F. Supp.2d 1111, 1118-20 (E.D. Cal. 2005) (refusing to seal records that are "a matter of public knowledge as a historical fact" or were disclosed in other filings).

Therefore, because the information is already public, Defendant will be unable to meet his burden to show that sealing is substantially likely to prevent harm, and is the only alternative to do so. See Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of

---

[1] In addition to the Twitter user who posted the Opposition brief publicly, others accessed it when it was publicly posted to PACER, including, at least, an attorney who filed a Motion to Intervene in the Ninth Circuit. See Sager Decl. Ex. B at p. 2.

2

SUPPLEMENTAL NOTICE
4853-0455-1533v.3 0026175-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Oregon, 920 F.2d 1462, 1467 (9th Cir. 1990). Sealing is especially inappropriate because the records The Times seeks to unseal are the basis for a court order, and consist largely of legal argument which "belong[s] in the public domain." Matter of Krynicki, 983 F.2d 74, 77 (7th Cir. 1992) (Courts "issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat.").

In light of the foregoing, and for the reasons stated in its previously filed Request for Clarification, The Times respectfully requests that the Court immediately unseal all pleadings related to the TRO proceeding against The Times.

Dated: July 18, 2018.

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
BRENDAN CHARNEY

LOS ANGELES TIMES
COMMUNICATIONS LLC
JEFF GLASSER

By /s/ Kelli L. Sager
      Kelli L. Sager

Attorneys for LOS ANGELES TIMES COMMUNICATIONS LLC

3

SUPPLEMENTAL NOTICE
4853-0455-1533v.3 0026175-000004

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION OF KELLI L. SAGER

I, Kelli L. Sager, hereby declare:

1. I am a partner at Davis Wright Tremaine LLP, and I am lead counsel representing Petitioner Los Angeles Times Communications LLC in this matter. The information contained in this declaration is true of my own personal knowledge, except for matters stated on information and belief, which I am informed and believe to be true.

2. On July 17, 2018, I caused a colleague working under my direction to make a screenshot of a Twitter post depicting a copy of Defendant John Saro Balian's Opposition To Emergency Motion For Stay Under Circuit Rule 27-3. As of July 18, 2018, this tweet – including the images of Defendant's Opposition brief – remains publicly available at https://twitter.com/abtnatural/status/1019072982910734336. A true and correct copy of screenshots of this tweet is attached hereto as **Exhibit A**. As a review of the above Twitter link demonstrates, several Twitter users have commented on the contents of Defendant's Opposition brief.

3. Attached as **Exhibit B** is a true and correct copy of a Motion to Intervene filed by Frederick M. Oberlander on July 17, 2018 in connection with Los Angeles Times Communications LLC's Emergency Petition for Writ of Mandamus before the Ninth Circuit Court of Appeals, case no. 18-71991 (Dkt. 7).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on July 18, 2018, at Los Angeles, California.

/s/ Kelli L. Sager
Kelli L. Sager

SAGER DECLARATION
4853-0455-1533v.3 0026175-000004

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# EXHIBIT A

Case: 18-71991, 07/16/2018, ID: 10944391, DktEntry: 4, Page 1 of 6

Case No. 18-71991

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

IN RE LOS ANGELES TIMES COMMUNICATIONS LLC.
Petitioner,

v.

UNITED STATES DISTRICT COURT,
CENTRAL DISTRICT OF CALIFORNIA,
Respondent,

JOHN SARO BALIAN and UNITED STATES OF AMERICA, *et al.*,
Real Parties in Interest.

---

United States District Court for the Central District of California
The Honorable John F. Walter
Case No. CR 18-345-JFW

**REAL PARTY IN INTEREST JOHN SARO BALIAN'S OPPOSITION TO EMERGENCY MOTION FOR STAY UNDER CIRCUIT RULE 27-3**

**UNDER SEAL**

CRAIG H. MISSAKIAN (SBN 125202)
LAW OFFICES OF CRAIG MISSAKIAN
116 CLUB ROAD
PASADENA, CA 91105
Telephone: 818-802-9811
E-mail: cmissakian@gmail.com

---

Case: 18-71991, 07/16/2018, ID: 10944391, DktEntry: 4, Page 2 of 6

## PETITIONER HAS NOT DEMONSTRATED A LIKELIHOOD OF ANY HARM, LET ALONE IRREPARABLE HARM, AS REQUIRED BY CIRCUIT RULE 27-3

The Court should deny petitioner's request for an emergency stay where it has not, and cannot, demonstrate any harm, let alone irreparable harm. This matter is scheduled to be heard by the district judge *tomorrow morning July 17, 2018 at 8:30 a.m.* No harm will come by waiting until then. While there may be First Amendment issues that raise the specter of irreparable harm and justify extraordinary haste, this is not such a case. The article in question, including all portions that petitioner obtained from the sealed plea agreement, appears to be available on the Internet, including on the Los Angeles Times' own UCLA archive. So to the extent petitioner is concerned about harm to the public's right to know, it need not fret. The public knows.

Moreover, the district court, as opposed to this Court on the very limited record before it, is in a far better position to do balance the facts and competing interests at stake in situations like this where defendant's due process rights and safety conflict with the petitioner's right to report the truth. Similarly, even though petitioner claims nothing can be done to protect real party in interest from the fallout of its actions, the district court, again, is better positioned to determine what measures, if any, may be necessary to limit the damage done by petitioner's release of the highly confidential details from a plea agreement

---

**Virgil** @abtnatural · 18h

Replying to @abtnatural @Popehat @craigmissakian

Attorney for JOHN SARO BALIAN
...at 5:29pm, John Balian's doofus attorney, Craig Missakian, filed a brief marked "UNDER SEAL", but he failed to submit it under seal. Here it is. (Looking forward to @craigmissakian serving me with another double-secret TRO to remove this tweet.)

♡ 2    ⟲ 11    ♥ 37

Balancing the competing interests involved in this case justified the district court's effort to protect defendant from what all involved believed, was a clear and present danger to real party in interest and his family. To uphold such an order, real party in interest must demonstrate that (1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest, *United States v. Sherman*, 581 F.2d 1358, 1361 (9th Cir 1978); (2) the order is narrowly drawn, *Carroll v. President and Commissioners of Princess Anne*, 393 U.S. 175, 183-84, 89 S.Ct 347, 352-53, 21 L Ed.2d 325 (1968); and (3) less restrictive alternatives are not available, *Nebraska Press Association*, 427 U.S. at 563, 96 S.Ct. at 2804. Real party in interest maintains that each of these elements was met.

When the government takes a man into custody, at a minimum, due process requires that it do what it can to protect him from undue harm. In this case, because the people the government expects real party in interest to cooperate against are members of the Mexican Mafia and Armenian organized crime, groups known for violence and witness intimidation, the district court believed that limiting petitioner's right to publish the offending article was the best way to achieve that crucial end. The district court will consider that question again tomorrow morning

Nor can irreparable harm result from requiring the Times to wait another few hours. The handful of words that the district court's order required the Times to remove reported a fact—nor an opinion—and that fact will remain as newsworthy tomorrow as it was on Saturday when the article first appeared. It is a fact that had no inherent urgency or that the public had the right to know immediately. To the contrary, the only deadline and urgency involved here was the Times racing to publish their story before the district court could issue its order—regrettably, a race petitioner won.

Finally, petitioner argues that "[t]he extraordinary harm to The Times' First Amendment rights [was] compounded by the fact that the Times never had an opportunity to contest the ex parte application before the district court." As will become clear, that is simply not true. Petitioner, if it wanted it, had more than ample notice and opportunity to file an opposition in the district court. Rather than doing so, however, they chose a different strategy: Rush to publish the article before the district court could rule and then point to shield themselves behind *Florida Star v. B.J.F.*, 491 U.S. 524, 536 (1989), a case that is readily distinguishable.

In *Florida Star*, the document in question had been intentionally placed into the public domain by a government employee and the reporter that found it did not appear to know that the information should not have been disclosed. By contrast,

Case: 18-71991, 07/16/2018, ID: 10944391, DktEntry: 4, Page 5 of 6

the reporter here knew full well that the document was protected by a court order and yet disregarded it. In light of that crucial difference, *Florida Star* should not apply. Even though the clerk here may have inadvertently made the plea agreement *available*, she in no sense placed it into the public domain. Rather, it was petitioner's disregarding the district court's order to remove the offending article "forthwith" that resulted in its widespread disclosure.[1]

While real party in interest recognizes the substantive issues presented here are important. Balancing the due process rights guaranteed to a criminal defendant against the right to freedom of the press will require careful consideration and nothing said here is intended to diminish the importance of that inquiry. But careful consideration will come—within hours—before the district court. As such,

///
///
///

---

[1] The Times received a copy of the district court's order at 12:28 p.m. After the article was still up nearly four hours later and Balian's counsel asked why, counsel for the Times said, "Because this is happening on a Saturday, we have had to locate the necessary Times editorial personnel and in-house counsel to review this matter[.]" The suggestion that a major American newspaper could not take down the article or delete a handful of words in less than 5 hours, let alone 5 minutes, is difficult to accept. Moreover, the Times edited the article at 3:50 p.m. *but left in the offending portion.* If it had the ability to edit other parts of the article at 3:50 p.m. it certainly had the ability to edit the offending portions at the same time—and more likely much sooner.

Case: 18-71991, 07/16/2018, ID: 10944391, DktEntry: 4, Page 6 of 6

and considering the type of information involved and the fact that no conceivable harm will come to the Times by forcing it to wait less than 24 hours, defendant respectfully requests that the Court deny the requested stay.

DATED: July 16, 2018           Respectfully submitted,

                               /s/ Craig Missakian
                               CRAIG H. MISSAKIAN
                               Attorney for Real Party in Interest
                               John Saro Balian

---

Replying to @abtnatural @Popehat @craigmissakian

... at 5:29pm, John Balian's doofus attorney, Craig Missakian, filed a brief marked "UNDER SEAL", but he failed to submit it under seal. Here it is. (Looking forward to @craigmissakian serving me with another double-secret TRO to remove this tweet.)

◯ 2    ⟲ 11    ♡ 37

# EXHIBIT B

No. 18-71991

IN THE
**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

Los Angeles Times Communications, Petitioner,

v.

United States District Court,
Central District of California,
Respondent.

On Petition for Writ of Mandamus to the
United States District Court,
Central District of California

**MOTION OF FREDERICK M. OBERLANDER, ESQ.
TO INTERVENE FOR EMERGENCY DECLARATORY RELIEF**

Frederick M. Oberlander, Esq.
*Movant pro se*
THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.
28 Sycamore Lane (P.O. Box 1870)
Montauk, New York 11954
Telephone:  (212) 826-0357
Facsimile:  (212) 202-7624
Email:  fred55@aol.com

1

My name is Frederick M. Oberlander. I am an attorney admitted to practice in state and federal courts in New York and Washington D.C., but not California. I practice extensively in the area of First Amendment law and victims' rights. In fact, entirely by coincidence in 2012 the RCFP, which proposes to be lead of a group of amici here, filed an amicus brief on similar issues in support of a petition for writ of certiorari to the Second Circuit I had then pending in the Supreme Court.

I have been tracking this case below since Saturday night, July 15, 2018, and have moved to intervene below yesterday, though it is not reflected on the docket.

Late last night Eastern time, I first became aware of this proceeding. I believe it was at or about 10.00PM, which is an hour and a half after filings were made here by, first, the defendant below, then, almost instantly thereafter, by the RCPF amici.

I have, with my colleague Richard E. Lerner, Esq., spent a great deal of time since then preparing our own motion for leave to submit an amicus brief here. It is of non-trivial size (though well below the limit) and is now under final review.

A significant part is devoted to criticism of the basis for the court's decision below. In large part this is because of our extensive experience in these cases, but please be assured that the motion to intervene I filed below yesterday afternoon, before I knew of this proceeding, quite correctly predicts among other things the absence of particularized evidence supporting the TRO below.

And so, I was quite surprised, I'm not sure if pleasantly is the right modifier, to find that the defendant's filing here was publicly available on PACER, and so I downloaded it and used it in my brief, as it confirms those suspicions.

At about 9:00AM Pacific time, in other words just recently, I refreshed the PACER docket screen and found that ECF No. 5, the defendant's papers, are not anymore available for public access, though PACER records will confirm they were when I downloaded that document last night.

In other words, and I'm flabbergasted, to use an old term, this court has now made this case its own. Unless it holds that rights of dissemination of a document downloaded lawfully by a member of the public because it was on PACER even though sealed are less than the rights of such dissemination in a media outlet like the *Los Angeles Times*, or it holds that the rights of dissemination in such document differ when accessed through PACER at an appellate court rather than a district court, the case below and the issue here of what I may do with that document are inextricably, absolutely conterminous, even to the question of putative harm.

I see no basis in law whatsoever for this court to restrain in any way anything I may do with that document, and logically that must include filing a merits motion to appear as an amicus and make use of what I know now of what happened below

2

and of the defendant's argument here, which puts me in a superior position to the present amici and thus quite clearly able to justify a second amicus.

However, in an abundance of caution. before I upload the motion for leave to file an amicus brief, I will respect the court's preliminary determination, should it issue one, that I may not do so other than under seal (how I can do that is another issue), though I will subsequently object and request leave to fully brief the issue.

Accordingly, I ask the court to accept the emergency time constraint that applies here and forgive any departure from the norms of procedure upon a motion to intervene as though in reality it is, it is not "really" a merits intervention.

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the above is to the best of my knowledge entirely true and correct.

Dated: July 17, 2018

/s/ Frederick M. Oberlander, Esq.
    *Movant and Prospective Intervenor pro se*

THE LAW OFFICE OF FREDERICK M. OBERLANDER, P.C.
28 Sycamore Lane (P.O. Box 1870)
Montauk, New York 11954
Telephone: (212) 826-0357
Facsimile: (212) 202-7624
Email: fred55@aol.com

3