Craig H. Missakian (SBN 125202)
LAW OFFICES OF CRAIG MISSAKIAN
116 Club Road
Pasadena, CA 91105
Telephone: (818) 802-9811
Email: craig@cmlawpartners.com

Attorney for Defendant
John Saro Balian

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | Case No. CR 18-345-JFW |
| Plaintiff, | *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION; DECLARATION OF CRAIG H. MISSAKIAN IN SUPPORT THEREOF |
| v. | |
| John Saro Balian, | |
| Defendant. | [Proposed TRO, OSC, and Order for Permission to File Ex Parte Application Under Seal Submitted Concurrently Herewith] |

### Application

Defendant John Saro Balian ("Balian") respectfully applies *ex parte* for a temporary restraining order and order to show cause re preliminary injunction preventing the Los Angeles Times ("the Times") from publishing an article that

quotes or discusses any portion of Balian's plea agreement which the Court previously ordered to be sealed. The Times somehow obtained a copy of the under seal plea agreement and plans to publish an article that will include highly confidential portions of the agreement relating to Mr. Balian's cooperation. If released to the public, such an article could place Mr. Balian and his family at a grave risk of harm, as discussed below.

Balian makes this application on the basis of the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Craig H. Missakian, the pleadings and papers on file herein, and the argument of counsel should the Court choose to consider additional argument.

Dated: July 14, 2018 　　　　　　　　　　　　Respectfully submitted,

*[signature: Craig Missakian]*

_____
Craig H. Missakian
Attorney for Defendant John Saro Balian

Discussion

## THE COURT SHOULD ISSUE A TRO PREVENTING DISCLOSURE OF BALIAN'S UNDER SEAL PLEA AGREEMENT

A. <u>Applicable Law</u>

The standard applicable to issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. <u>Lockheed v. Hughes Aircraft</u>, 887 F.Supp. 1320 (N.D. Cal. 1995). In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor. <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir.1987); <u>Los Angeles Memorial Coliseum Comm'n v. National Football League</u>, 634 F.2d 1197, 1201 (9th Cir.1980). "These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." <u>Big Country Foods, Inc. v. Board of Educ. of the Anchorage School Dist.</u>, 868 F.2d 1085, 1088 (9th Cir.1989). However, although the *degree* of irreparable harm may be low if the probability of success on the merits is high, the moving party must in any case "demonstrate a significant threat of irreparable injury." <u>Arcamuzi</u>, 819 F.2d at 937. Moreover, under either formulation of the test, preliminary injunctive relief is not available unless the moving party can

demonstrate some "fair chance of success on the merits, or questions serious enough to require litigation." Id.

B. Application of law

[REDACTED]

Each of the factors listed above, strongly militate in favor of the requested relief. First, there can be little doubt that should the Times publish its article the harm will be irreparable. That is a bell that cannot be un-rung. Second, and while defendant recognizes the high hurdle that he must meet to justify a prior restraint on the press, we believe that hurdle is met in this case. At a minimum, there is a fair

chance of success on the merits and/or questions serious enough to require litigation as to publishing an article is appropriate and as to how the reporter was able to obtain the plea agreement and whether it was made available inadvertently or intentionally.

## Conclusion

For the reasons discussed above, defendant respectfully requests that this application be granted in its entirety.

Dated: July 14, 2018                             Respectfully submitted,

*/s/ Craig Missakian*

_____
Craig H. Missakian
Attorney for Defendant John Saro Balian

## Declaration of Craig H. Missakian

I, Craig H. Missakian, declare that:

1. I am an attorney licensed to practice law before all of the courts of the State of California and the attorney of record for defendant John Saro Balian ("Balian"). I make this declaration of my own personal knowledge and, if called upon to do so, would and could testify competently to the following facts.

2. Last night at approximately 8:15 p.m., I received a call from an L.A. Times reporter named Alene Tchekmedyian. She asked me if I had any comment on the "plea agreement" in Balian's case. Somewhat confused because I believed the plea agreement was under seal, I asked her to explain. She said that she went to Pacer and was able to clink on the link to the plea agreement and although it indicated the document was under seal it nonetheless appeared and she obtained a copy. I asked her again whether she was referring to a plea agreement that I signed and she confirmed that it was and gave me the date I signed the agreement.

3. In that call I said that it would be improper, legally and morally, to discuss the confidential portions of the plea agreement publicly. And she said, "Do you mean the cooperation provisions?" I said I would not comment on anything that may or may not be in the agreement but implored her to consider the consequences of her actions. I spoke to her again later in the evening and she said that she had already written an article and was awaiting approval from "an editor"

before publishing it. She expressed her opinion that the paper had the "legal right" to use the plea agreement because she obtained it from the court's web site.

4. ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████ As such, at to mitigate this grave risk of harm, Balian respectfully requests that the Court issue a temporary restraining order, order to show cause, and order sealing this application in the forms attached.

5. **Position of the United States**: I have communicated with the lawyer for the government in this case to ask for the government's position. I was informed that the government *takes no position on the application* other than to say that the government intended to have the plea agreement remain under seal and it would have opposed any unsealing of it at this time.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 14th day of July 2018 at Pasadena, California.

*Craig Missakian*
_____