Craig Missakian (SBN 125202)
craig@cmlawpartners.com
Law Offices of Craig Missakian
116 Club Road
Pasadena, CA 91105
Tel: 818-802-9811

Attorney for Defendant
John Saro Balian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| United States of America, | Case No.: CR 18-345-JFW |
|---|---|
| Plaintiff, | |
| vs. | OBJECTIONS TO PSR BY DEFENDANT JOHN SARO BALIAN |
| John Saro Balian, | |
| Defendant | |

Defendant John Saro Balian ("Mr. Balian" or "defendant"), by and through his counsel of record, hereby respectfully submits his objections to the Presentence Investigation Report ("PSR"):

   1.   No objection;

2. No objection;

3. No objection;

4. No objection;

5. No objection;

6. No objection;

7. No objection;

8. No objection;

9. No objection;

10. Objection the PSR misstates the facts. Paragraph 10 states that Grey was a fugitive for "approximately one month" while footnote 1 indicates he was a fugitive for "nearly two months." Moreover, Mr. Balian objects to the statement contained in footnote 1 that as a result of him tipping off Grey doing so "caused law enforcement to redirect all sources in search of Grey" to the extent that this falsely suggests that Mr. Balian's conduct led to some form of an all hands effort to located Grey with a result that the rest of the community was left unprotected. Mr. Balian further objects to the extent that the PSR or recommendation letter suggests that Mr. Balian intended by his conduct to put law enforcement personnel at risk.

11. Objection the PSR misstates the facts to the extent that Mr. Balian intended to personally use information obtained from law enforcement resources to retrieve the allegedly stolen property.

12. Objection the PSR misstates the facts to the extent that it fails to mention that A.B. was at the time that Mr. Balian provided information to the USMS that A.B. was then subject to an outstanding arrest warrant.

13. No objection;

14. No objection;

15. Objection the PSR misstates the facts;

16. No objection;

17. No objection;

18. Objection to the extent that this statement suggests that Mr. Balian declined to be interviewed by the Probation Officer. In reality, Mr. Balian agreed to an interview but suggested that it be delayed in light of the parties' request to continue the sentencing.

19. No objection;

20. See paragraph below;

21. See paragraph below;

22. No objection;

23. No objection;

24.     No objection;

25.     No objection;

26.     No objection;

27.     No objection;

28.     No objection;

29.     No objection;

30.     No objection;

31.     No objection;

32.     No objection;

33.     Objection a 2-level increase for abuse of a position of trust where he did not abuse a position of trust in a way that was a substantial factor in committing the charged offense. Rather, he inadvertently overheard a conversation and passed the information along. *See United States v. Foreman*, 926 F.2d 792, 797 (9th Cir., 1991) ("Still, it must be conceded that section 3B1.3 applies to offenders who abuse positions of public trust; not merely to those ***who occupy such positions*** or even to those who use such positions.") (Reinhardt, J., dissenting) (emphasis added). In other words, all offenses committed by police officers do not automatically qualify for the two-level enhancement. *See also United States v. Gould*, 983 F.2d 92, 94 (7th Cir. 1993) (status as "police officer cannot, in and of itself, trigger the application of section 3B1.3."); *United States*

*v. Harrington*, 82 F.3d 83, 88 (5th Cir. 1996) ("merely having the position of public or private trust is not sufficient to warrant an increase under § 3B1.3").

34.   No objection;

35.   Objection see paragraph 33 above. Mr. Balian contends that the two-level enhancement should not apply;

36.   No objection;

37.   Objection USSG § 2J1.2 does not apply to the facts of this case;

38.   No objection;

39.   No objection;

40.   No objection;

41.   No objection;

42.   Objection see above;

43.   Objection the PSR miscalculates the total number of units under § 3D1.4 by overstating the adjusted offense level for Count 3. The proper calculation is as follows:

| Group/Count | Adjusted Offense Level | Units |
| --- | --- | --- |
| Count 1 | 16 | 1.0 |
| Count 2 | 14 | 1.0 |
| Count 3 | 6 | 0 |
| Total Number of Units: | | 2.0 |

The probation officer also miscalculated how the Court should treat the three counts to which Mr. Balian pleaded guilty under the multi-count enhancement rules. Rather than using USSG § 2B1.1 for Count 3 as the government and Mr. Balian agreed, the probation officer used § 2J1.1 relating to obstruction of justice. PSR at ¶¶ 36 and by doing so the probation officer calculated the total offense level at 14 rather than the 6 agreed upon by the parties which, in turn, led to an additional point under § 3D1.4 and a total offense level 16 and a sentencing range of 20 to 27 months.

Although the PSR does not fully justify using § 2J1.2, it referenced § 2B1.1(c)(3) suggesting it believes "the conduct set forth in the count of conviction establishes an offense" of obstruction of justice. Nowhere, however, does the probation officer explain how the conduct to which Mr. Balian pleaded guilty establishes that offense and, in fact, it does not meet the elements of 18 U.S.C. § 1512. At best, Mr. Balian made false statements to federal agents, which even under the obstruction enhancement contained in § 3C1.1 would not apply to this situation under Application Note 5. That note gives examples of the types of conduct to which the enhancement would not ordinarily apply, including "making false statements, not under oath, to law enforcement officers, unless Application Note 4(G) above applies." The 4(G) exception covers "a materially false statement . . . that significantly obstructed or impeded the official investigation . .

OBJECTIONS TO PSR BY DEFENDANT JOHN SARO BALIAN

. of the instant offense[.]" Obviously, that exception would not apply here because the "instant offense" and the allegedly obstructive conduct are one and the same.

44. No objection;

45. Objection to the increase in offense level by 3 levels; the increase should be 2;

46. Objection the combined adjusted offense level should be 18;

47. No objection;

48. No objection;

49. No objection;

50. Objection the total offense level should be 15;

51. Objection the PSR misstates the facts;

52. Objection the PSR misstates the facts;

53. No objection;

54. No objection;

55. No objection;

56. No objection;

57. No objection;

58. No objection;

59. No objection;

60. Objection Mr. Balian did not refuse to be interviewed but only suggested it be delayed in light of the parties' joint request to continue sentencing;

61. No objection;

62. Objection the PSR misstates that Mr. Balian "has a girlfriend, Sandra Salas, who resides in Brownsville, Texas."

63. Objection;

64. No objection;

65. No objection;

66. No objection;

67. No objection;

68. No objection;

69. No objection;

70. No objection;

71. Objection;

72. Objection;

73. Objection;

74. No objection;

75. Objection;

76. Objection, Mr. Balian and his family have no ability to pay;

77. Objection, Mr. Balian and his family have no ability to pay;

78. No objection;

79. Objection see above;

80. No objection;

81. No objection;

82. No objection;

83. No objection;

84. No objection;

85. No objection;

86. No objection;

87. No objection;

88. Objection the fine range should be $7,500 to $75,000 but since Mr. Balian does not have the ability to pay any fine and is not likely to become able to pay, the fine in this case should be $0.

89. Objection to the extent that the PSR suggests that Mr. Balian should pay the costs of prosecution where that is not required by any statute of conviction;

90. Objection as described in detail in Mr. Balian's sentencing position papers, he believes a downward departure is warranted in this case.

91. Objection as described in detail in Mr. Balian's sentencing position papers, he believes a variance to a sentence below the applicable guideline range is warranted in this case.

Dated: February 25, 2019                    Respectfully submitted,

                                                          /s/ Craig Missakian_____
                                                         Craig Missakian
                                                         Attorney for Defendant
                                                         John Saro Balian